Good morning. Before we start, Judge Goodwin and I would like to welcome and thank Judge Zahari from the Northern District of Ohio. He's sitting this week to help us with our caseload. Thank you and welcome, Judge Zahari. Thank you. The cases will be called in the order listed on the docket. You should know that the time that's showing on the clock is the entire time that you have. So if you need time for rebuttal, make sure that you save the time within the amount that's set on the clock. With that, the first case on calendar for argument is Sultanyan v. Holder. Good morning, Your Honors. May it please the Court, my name is Joseph Porta. I am counsel for the petitioner Armin Sultanyan. This is a immigration case where the Board entered what appears to be a Bourbonno Affirmance. A Bourbonno Affirmance with this Court usually means that the Board of Immigration Appeals has considered the entire decision of the immigration judge and adopts it and affirms it for the reasons set forth by the immigration judge. That's what Bourbonno provides in theory. However, in practice, in this case, the Board of Immigration Appeals did the opposite. They cited to a Bourbonno Affirmance but apparently did not cover all the issues covered by the immigration judge. Specifically, there are three main issues in this case. The first issue is whether the petitioner was engaged in alien smuggling when he brought somebody across the border through the Santa Cedar Port of Entry crossing from Tijuana. The second issue was assuming that he was found to be an alien smuggler. He applied for asylum and the immigration judge found him that he did not meet his burden of proof for that aspect. So, counsel, if we determine that the adverse credibility determination is supported by substantial evidence, does it matter that the smuggling issue was not addressed? I believe it does because the smuggling issue is very crucial to the respondent. In the record, if you will note In terms of the legal sufficiency of the ruling, why would it matter? It would matter because the respondent has extreme adverse consequences because of what apparently or ostensibly appears to be them upholding the smuggling charge. If the respondent is held to be an alien smuggler, he would not be eligible for a waiver. He is married to a United States citizen. And that issue was not addressed at all by the Board of Immigration Appeals. They appear to gloss over it and focus solely just on a burden of proof issue. But wouldn't that issue come up if and when he asks for a relief? No, because there has been a judicial finding on that. That's just the point. Okay, so if you say that he would be barred from a waiver, but if he asks for a waiver, wouldn't that issue be resolved at that point? No, because there was the charge. If you look at the Board of Immigration Appeals decision, which is located at page two of the record, at the top of the decision it notes that there was three charges initially, one of which was withdrawn. One of them is being present in the United States without proper documents, which respondent through counsel admitted that. The second one was being an alien smuggler. The immigration judge made a specific finding that he was an alien smuggler, and that was appealed directly to the Board of Immigration Appeals, who did not mention it. So I would argue to the court that, no, there will be no chance to do that in the future. And if that holding stands, there is no waiver available, period. This is his chance to fight that point. And so you're saying he wouldn't have an opportunity to fight that point if he, in fact, applied for a waiver. There is no waiver. Alien smuggling, the only waiver available for alien smuggling is if you're a lawful permanent resident, you can apply for what's called cancellation of removal. But I thought your point But if you're not, then only if it's a close family member. But I thought your point was the reason this was important was because he would be banned from applying for a waiver. He would be banned from applying for, yes, we're splitting hairs, but he would be banned from applying for relief in the form of adjustment of status. You called it a waiver, so I just used the term that you used. So it's cancellation of removal? It's adjustment of status. Adjustment of status. So my question is, though, if and when he decided to apply for adjustment of status, if your argument is that that issue was never resolved, why couldn't it be resolved at that point, procedurally? Procedurally, there's a whole multitude of issues there. First of all, the respondent is what's deemed an arriving alien. And this court had a case that was called Bona v. Ashcroft. And in Bona v. Ashcroft, there's no jurisdiction for an immigration judge to decide an application for an adjustment of status by an arriving alien. So effectively, the respondent would be applying directly through the agency, which in this case would be U.S. Citizenship and Immigration Services for adjustment of status. He would be walking in, they're applying for adjustment of status, they would be looking at a Board of Immigration Appeals decision saying you're an alien smuggler. And at that point, there's really no way to fight it. But then if there's a decision, either there's a decision or there's not a decision. You're telling us the issue wasn't decided. So if the issue was decided, then you don't have an argument. If the issue was not decided, then you can argue it at that point. So which is it? The issue was decided by the immigration judge. The issue was briefed extensively to the Board of Immigration Appeals. The Board of Immigration Appeals, in rendering its decision, glossed over that determination. Did it affirm the determination made by the judge? No, it didn't mention it. They dismissed the petitioner's appeal. And they adopted and affirmed the immigration judge's decision insofar as it relates only to the issues regarding eligibility for relief. But didn't they also say they looked at the entire record, they considered everything the administrative, the immigration judge did, and that they were, in fact, affirming even though, as you say, they glossed over or did not discuss the specifics? They said it in passing, Your Honor, and I can't take that away. It is the first sentence of the second paragraph of a three-paragraph decision. It may be, and it may, I would argue that it's not. Because it looks like it's in passing. I think it's lip service in this specific circumstance. Because if you continue reading, if you read it in context, it says it's qualified. It says, in this regard, the constellation of problems described by the immigration judge lead us to agree that the respondent has not met his burden of proof to establish eligibility for relief from removal. It's all caveated upon relief from removal. It doesn't, the decision doesn't mention it one way or the other. And that wouldn't be meaningful review of what the respondent is seeking, especially since there's such detrimental consequences. I would like to reserve, unless the Court has more questions at this time, I'd like to reserve the remainder of my time for rebuttal. All right. Let's hear from the government. Thank you. Good morning, Your Honors. My name is Aram Gavore, and I represent the respondent in this appeal, Eric H. Holder, Jr. The Board of Immigration Appeals did consider all of the charges of inadmissibility provided and litigated fully in the immigration court. How do we know that? Your opponent says they glossed over it. Well, they're The issue that he's contesting, anyway. Yes, Your Honor. On the text of the document, first it indicates charge, and the second charge indicates section of INA 212A6EI, alien smuggler. Additionally, the very same quote, we have reviewed the record of proceeding the immigration judge's decision and the respondent's contentions on appeal. That is a global statement, that they reviewed and considered everything before them. Additionally, on the final paragraph of the appeal, the board specifically highlights and indicates information with regard to supplemental evidence that was submitted in support of the appeal but was not going to be considered as part of the appeal. That supplemental evidence consisted of letters from petitioner's mother and brother and I believe a 1997 photograph of him working at Zvart'nots airport in Armenia. That information directly relates to the asylum decision, but just generally as such the board But does it relate to the alien smuggling charge? That does not relate to the alien smuggling charge. So what do we have specifically in the record to reflect that the BIA specifically to consider the alien smuggling charge? What you have is the charge indication at the top of the document. That just tells us what the charge is, but it doesn't tell us anything about the board's resolution of the charge. Well, with regard to the board's resolution, they did not explicitly talk about the alien smuggling. They did not provide analysis, but then the board does not need to provide analysis. It does not need to provide an exegesis on every single thing. Does it have to at least mention the alien smuggling charge in the resolution? Well, the government's contention is that the board's consideration and the indication of the charge at the header is sufficient. In what case, what's your strongest case to support your argument that as long as the board has a global statement regarding the charges, that that's enough to fulfill its duty to consider all of the evidence? Indeed, the only case I can point to at this moment, Your Honor, is Burbano, and that's what the board cited itself. So this would be a constraint to Burbano. If the court appreciates supplemental briefing, I can provide that within the next 40 hours. We'll let you know. Please don't give us anything if we don't ask for it. Of course, Your Honor. Thank you. Additionally, though, the question with regard to at least the due process consideration that plaintiff appears to be or that Petitioner appears to be implying is that there's no prejudice here. The prejudice does not exist precisely because the Petitioner was removable as charged. He conceded that he was removable from the United States, inadmissible to begin with, because of his attempted entry without a proper documentation. Additionally, his defense from removal, an application for asylum and protection under the Convention Against Torture, as well as withholding of removal, the immigration judge properly found, and the board did explicitly consider, the adverse credibility, as well as just the underlying denial of the asylum application, and the record does not compel reversal. What about opposing counsel's argument that in the future, if he wanted to adjust his status, this implicit ruling would be held against him? Indeed, this removal, this order would be held against him. The implicit holding of alien smuggling, would that be held against him, even though the BIA didn't have an express finding on that point? Would that be held against him if he were to try to adjust his status? Well, essentially within that scope, that's a summary affirmance. It would be going to the immigration judge's finding. That would be what would be reviewable. If this Court wishes to review that determination on the substantial evidence standard, it certainly has the power to do so, because the Board of Immigration Appeals did not provide any supplemental analysis whatsoever with regard to the alien smuggling. And looking to the immigration judge's decision, the record does not compel reversal. Indeed, substantial evidence firmly supports that this individual, Mr. Sultanian, was inadmissible as a result of alien smuggling. He was caught at the San Ysidro border after midnight in August of 2002 with a woman he'd just met that evening, sitting in the front seat of the car with a green card that was bogus and fake. Later on the next day, when she was questioned, as well as Mr. Sultanian being questioned in front at the border by the Border Protection, CBP. Without going into the details, is it your position that we can review, and if there is substantial evidence to support the IJ's decision, then the fact that the Board did not address it specifically takes away any prejudice or any harm? That's correct. I mean, if the Board does not specifically address, although it does consider, that's the government's position, the immigration smuggling, the immigration judge's decision itself would be subject to this Court's review under the substantial evidence standard and with regard to findings of fact for clear error. And indeed, the record does not compel reversal in this circumstance. It is well established that Mr. Sultanian knew or aided and abetted an individual to enter the United States who did not have any lawful ability to be here, which does satisfy the definition of alien smuggling pursuant to 8 U.S.C. section 1182.86EI. Unless the Court has any further questions, the government rests. It appears not. Thank you. Mr. Butler. Thank you, Your Honors. I would like to cite a case to the Court. It's called Matuku v. Holder. The cite is 600 F. 3rd, 1235. It's from this Court. And the Matuku- It's cited in your brief. No, it's subsequent to the brief. If you'd like, I could submit a 28-J letter. The case involves a Bourbonno Affirmance where the Board does not specifically, where the Board adopts one portion of the I.J.'s decision, but specifically doesn't adopt another portion. And it's basically, it adds to the confusion in this matter. I would respectfully- This didn't adopt one and not the other. This Board adopted everything. I think it's unclear. I think it's unclear. Because Bourbonno basically says, in theory, we are adopting whatever the I.J. said. And so when it gets up to the Circuit Court, the Circuit Court is saying, okay, great. They adopted it. We're looking at what the I.J. looked at. We don't really care what the Board had to say with it. Here, the Board adopted just what dealt with the Respondent's credibility determination with how it relates to his asylum application. What if we go into detail and we adopt what the I.J. did and find there was substantial evidence to support the conclusion? Is that okay? I don't- What if we look at it and decide to the contrary, that there was not substantial evidence? I believe that it would only be fair since the Board opened the box and said here's how we need to do it, that it should be sent back to them at least so that they can make a determination so this Court can conduct some meaningful review and know exactly what they're reviewing. Right now, it's a guess what they were thinking. And it was the Board themselves that actually added the limiting language, which has created the confusion in this matter. But if the Board had done a strict Rubano adoption, that's exactly what we would do is just look through to the I.J.'s decision to determine if it's supported by substantial evidence. I absolutely agree, Your Honor. Okay. So what was the date of the case that you're citing to us? I believe it's a 2010 case I made. Madam Clerk, do we have the slips that they can write the cases on? 600 F. 3rd, 1235. And what was the name of the case? It's Matuku v. Holder. It's 600 F. 3rd, 1210, 9th Circuit, 2010. The problem with that is that your opponent didn't have the opportunity to weigh in on your interpretation of that case. So we are going to ask you to do a 28-J letter, and then the government can respond to it. Okay. Just with that one case. Don't re-argue your case. Just send us the case citation and your interpretation of it. And the other thing, Your Honor, is regarding the argument regarding prejudice, I believe the respondent would definitely be prejudiced here. First of all, as government counsel pointed out, the charges at the top of the decision say alien smuggling. And so there is something there that's being upheld. Comparing it to the other charge that says withdrawn, it appears that this will at least stick to the respondent at any point in the future. And I'm not sure how somebody approaching U.S. Citizenship and Immigration Services is going to be able to tell them with a straight-faced look, you know, just don't listen to what they said about an alien smuggler because, you know, they did a Burbano Affirmance, and they didn't happen to do this aspect of it. So don't worry about that. Consider the gentleman's adjustment of status application. That would be futile. I think the prejudice is self-contained in there. If you're an alien smuggler, you're barred from forms of relief. We understand your argument. You've exceeded your time. Thank you to both counsel for arguing in this case. The case that's argued is submitted for decision by the court. The next case on calendar for argument is New Mexico State Investment Council v. Ernst & Young.
judges: Zouhary, Goodwin, Rawlinson